UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY, an Ohio corporation,<br><br>Plaintiff,<br><br>v.<br><br>SEA SHEPHERD CONSERVATION SOCIETY, an Oregon nonprofit corporation, PAUL WATSON; MARNIE GAEDE, BEN ZUCKERMAN, LANI BLAZIER, PETER RIEMAN, ROBERT WINTNER, BOB TALBOT, and SUSAN HARTLAND<br><br>Defendants. | NO.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**JURY DEMAND** |

Great American Insurance Company ("Great American") alleges the following complaint:

## I. INTRODUCTION

1. This is an insurance coverage dispute. Defendant Sea Shepherd Conservation Society ("Sea Shepherd") is a whale conservation organization. As portrayed on the television show "Whale Wars," Sea Shepherd's crew, including defendant Paul Watson, set sail on the Southern Ocean to stop Japanese whalers from killing whales. On December 8, 2011, one such Japanese whaler sued Sea Shepherd and Captain Watson, accusing them of, among other things, attacking the Japanese whaler's whaling vessel. Sea Shepherd, Captain Watson, and others seek coverage for this suit from their professional liability insurer, plaintiff Great American.

**COMPLAINT FOR DECLARATORY JUDGMENT** - 1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

4025131.1

2. Great American issued to Sea Shepherd two consecutive "claims made and reported" insurance policies. Each policy requires that any claim for which the insureds seek coverage must be (1) first made during the policy period *and* (2) reported to Great American no later than 90 days after the expiration of the policy. The Japanese whaler's suit was not first made and reported under either of the Great American policies. Accordingly, Great American seeks a declaratory judgment that it has no duty to defend or indemnify the defendants with respect to the Japanese whaler's suit.

3. If this Court finds that the Japanese whaler's suit is a claim first made and reported under one of the Great American policies, which Great American denies, Great American seeks a declaratory judgment that it has no duty to defend or indemnify the defendants based on a policy exclusion, contained in each of the policies, which bars coverage for any claim based upon, arising out of, relating to, directly or indirectly resulting from or in consequence of, or in any way involving bodily injury, assault, battery, or damage to or destruction of any tangible property. Other policy terms, conditions, and/or exclusions independently bar or limit coverage for the Japanese whaler's suit.

## II. PARTIES

4. Plaintiff Great American is an Ohio corporation with its principal place of business in Cincinnati, Ohio.

5. Defendant Sea Shepherd is an Oregon nonprofit corporation with its principal place of business in Friday Harbor, Washington.

6. Defendant Paul Watson is the founder and former president of Sea Shepherd. Watson is a citizen of Washington.

7. Defendant Marnie Gaede is a current director and the President of Sea Shepherd. Gaede is a citizen of Colorado.

**COMPLAINT FOR DECLARATORY JUDGMENT** - 2

4025131.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

8. Defendant Ben Zuckerman is a current director of Sea Shepherd. Zuckerman is a citizen of California.

9. Defendant Lani Blazier is a current director of Sea Shepherd. Blazier is a citizen of Washington.

10. Defendant Peter Rieman is a former director of Sea Shepherd. Rieman is a citizen of California.

11. Defendant Robert Wintner is a current director of Sea Shepherd. Wintner is a citizen of Hawaii.

12. Defendant Bob Talbot is a current director of Sea Shepherd. Talbot is a citizen of California.

13. Susan Hartland is the Administrative Director of Sea Shepherd. Hartland is a citizen of Washington.

### III. JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 2201. There is complete diversity between Great American, on the one hand, and the defendants on the other, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

15. Venue is proper in this district pursuant to 28 U.S.C. §1391.

### IV. GREAT AMERICAN INSURANCE POLICIES

16. Great American issued to Sea Shepherd an ExecPro Nonprofit Solutions Policy for the **Policy Period**[1] of June 23, 2011 to June 23, 2012 (the "2011 Policy"). The 2011 Policy is a "claims made and reported" policy, meaning that coverage is only available for a **Claim** first made against an **Insured** during the **Policy Period** and reported to Great American in writing no

---

[1] Terms in bold are defined in the Great American policies.

**COMPLAINT FOR DECLARATORY JUDGMENT** - 3

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

4025131.1

1 later than 90 days after the expiration of the Policy.  A true and correct copy of the 2011 Policy
2 is attached hereto as **Exhibit A**.

3     17.   For the subsequent **Policy Period**, June 23, 2012 to June 23, 2013, Great
4 American issued to Sea Shepherd another ExecPro Nonprofit Solutions Policy (the "2012
5 Policy").  The 2012 Policy is also a "claims made and reported" policy, written on the same
6 policy form, D16100.  Once again, coverage is only available for a **Claim** first made against an
7 **Insured** during the **Policy Period** and reported to Great American in writing no later than 90
8 days after the expiration of the Policy.  A true and correct copy of the 2012 Policy is attached
9 hereto as **Exhibit B**.

10    18.   Each of the Policies contains an exclusion, Exclusion IV.D., that bars coverage
11 for any **Claim** involving bodily injury, assault, battery, or damage to or destruction of any
12 tangible property:

> This Policy does not apply to any **Claim** made against any **Insured** …
> based upon, arising out of, relating to, directly or indirectly resulting from
> or in consequence of, or in any way involving:  (1) bodily injury, sickness,
> disease or death of any person, assault or battery; (2) damage to or
> destruction of any tangible property or the loss of use of any tangible
> property ….

### V. UNDERLYING LAWSUIT

19.   On December 8, 2011, the Institute of Cetacean Research ("ICR"), along with the Japanese corporation that owns the whaling vessels chartered to ICR and two Japanese captains of the vessels, filed a lawsuit against Sea Shepherd and Captain Watson in the U.S. District Court for the Western District of Washington captioned *The Institute of Cetacean Research, et al. v. Sea Shepherd Conservation Society, et al.*, Case No. 2:11-cv-02043-RAJ, appeal docketed, No. 12-35266 (9th Cir. Apr. 10, 2012) (the "ICR Litigation").  A true and correct copy of the referenced complaint is attached hereto as **Exhibit C**.

**COMPLAINT FOR DECLARATORY JUDGMENT** - 4

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

4025131.1

20. The plaintiffs in the ICR Litigation allege that the defendants have engaged in, or conspired to engage in, numerous violent and dangerous attacks in recent years against the plaintiffs' vessels, resulting in collisions and injuries. The plaintiffs' claims include freedom of safe navigation on the high seas, freedom from piracy, freedom from terrorism, and state law claims for conspiracy to interfere with the plaintiffs through assault, battery, and trespass. The plaintiffs seek declaratory relief, preliminary and permanent injunctive relief, and costs.

21. On December 14 2011, the plaintiffs filed a motion for preliminary injunction. On March 19, 2012, the District Court issued an order denying the motion. On April 10, 2012, the plaintiffs appealed the District Court's March 19, 2012 order to the Ninth Circuit Court of Appeals. On December 17, 2012, the Ninth Circuit issued an order enjoining Sea Shepherd, Captain Watson, and any party acting in concert with them, from attacking the ICR vessels or from navigating in a manner likely to endanger the safe navigation of any such vessel. The Ninth Circuit further enjoined Sea Shepherd and Captain Watson from approaching the ICR vessels any closer than 500 yards while navigating on the open sea.

22. On February 11, 2013, the plaintiffs filed with the Ninth Circuit a Motion for Contempt against Sea Shepherd. On March 6, 2013, the plaintiffs filed an Amended Motion for Contempt naming Sea Shepherd, Captain Watson, Marnie Gaede, Ben Zuckerman, Lani Blazier, Peter Rieman, Robert Wintner, Bob Talbot, and Susan Hartland as contemnors. On April 12, 2013, the plaintiffs filed a Second Amended Motion for Contempt (the "SAMC") against the same contemnors. A true and correct copy of the SAMC is attached hereto as **Exhibit D**.

23. In the SAMC, the plaintiffs allege that, between January 29, 2013 and February 28, 2013, Sea Shepherd violated the injunction issued by the Ninth Circuit by breaching the 500 yard safety perimeter, navigating dangerously within the perimeter, intentionally ramming two of the plaintiffs' vessels, dragging ropes in front of the plaintiffs'

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

vessel's course, and launching small boats to attack the plaintiffs' vessels.  In the SAMC, the plaintiffs seek further injunctive relief, sanctions, and attorneys' fees and costs.

## VI.  INSURANCE COVERAGE DISPUTE

24. The defendants seek insurance coverage from Great American for the ICR Litigation.

25. Great American is providing a defense to all of the defendants, subject to a reservation of rights, and asserts in this Complaint for Declaratory Judgment that coverage is unavailable because the ICR Litigation is not a claim first made and reported under either of the Policies.  Great American further asserts that, if this Court finds that the ICR Litigation is a claim first made and reported under one of the Great American policies, which Great American denies, coverage is barred by Exclusion IV.D.  Other policy terms, conditions, and/or exclusions independently bar or limit coverage for the ICR Litigation.

26. An actual, present, and bona fide controversy exists between Great American and the defendants with respect to whether there is coverage under either one of the Policies for the ICR Litigation.

27. A judicial declaration is necessary to establish the parties' rights and duties, if any, under either of the Policies with respect to the ICR Litigation.

## VII.  COUNT I
### (Declaratory Judgment – 2012 Policy – Insuring Agreement)

28. The allegations set forth in paragraphs 1 through 27 above are re-alleged and incorporated as if fully set forth herein.

29. The Insuring Agreements set forth in Section I. of the 2012 Policy provide that:

   A. If during the **Policy Period** or the **Discovery Period** any **Claim** is first made against any **Insured Persons** for a **Wrongful Act**, the **Insurer** shall pay on behalf of the **Insured Persons**, **Loss** and **Costs of Defense** resulting from such Claim, except for any **Loss** and **Costs of Defense** which the Organization or any **Subsidiary** actually pay as indemnification.

**COMPLAINT FOR DECLARATORY JUDGMENT** - 6

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

4025131.1

B. If during the **Policy Period** or the **Discovery Period** any **Claim** is first made against any **Insured Persons** for a **Wrongful Act**, the **Insurer** shall pay on behalf of the **Organization** or any **Subsidiary**, **Loss** and **Costs of Defense** resulting from such **Claim**, but only to the extent the **Organization** or any **Subsidiary** is required or permitted by law to indemnify the **Insured Persons**.

C. If during the **Policy Period** or the **Discovery Period** any **Claim** is first made against the **Organization** or any **Subsidiary** for a **Wrongful Act**, the **Insurer** shall pay on behalf of the **Organization** or any **Subsidiary**, **Loss** and **Costs of Defense** resulting from such **Claim**.

30. The ICR Litigation is a **Claim** first made on December 9, 2011, i.e., the date that service of suit was perfected upon Sea Shepherd and Captain Watson.[2] Thus, the ICR Litigation was first made more than six months *before* the beginning of the **Policy Period** of the 2012 Policy (June 23, 2012 to June 23, 2013). Because the ICR Litigation was first made *before*, and not *during*, the **Policy Period** of the 2012 Policy, there is no coverage for the ICR Litigation under the 2012 Policy.

## VIII.  COUNT II
### (Declaratory Judgment – 2011 Policy – Section VII.A.)

31. The allegations set forth in paragraphs 1 through 30 above are re-alleged and incorporated as if set forth fully herein.

32. The notice of **Claim** provision set forth in Section VII.A. of the 2011 Policy provides that:

> The **Insureds** shall, as a condition precedent of their rights under this Policy, give the **Insurer** notice in writing of any **Claim** made during the **Policy Period**. Such notice shall be given as soon as practicable after the date the President, Executive Director, Chief Financial Officer, General Counsel, or person with equivalent responsibility has knowledge of the **Claim**, and in no event later than ninety (90) days after the end of the **Policy Year**.

---

[2] Pursuant to Section III.D.(2) of the 2011 Policy, **Claim** means "a civil proceeding, including any appeals therefrom made against any **Insured** seeking monetary or non-monetary (including injunctive) relief commenced by service of a complaint or similar pleading[.]"

**COMPLAINT FOR DECLARATORY JUDGMENT** - 7

4025131.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

33.     The ICR Litigation is a **Claim** first made during the **Policy Period** of the 2011 Policy (June 23, 2011 to June 23, 2012).  However, the 2011 Policy is a "claims made and reported" policy, requiring that the **Claim** not only be first made during the **Policy Period** but also reported to Great American in writing no later than 90 days after the expiration of the 2011 Policy.  Sea Shepherd first reported the ICR Litigation to Great American in writing on February 13, 2013, i.e., more than 90 days after the expiration of the 2011 Policy (in fact, almost *eight months after* the 90-day "grace period").  Because the ICR Litigation was not first made and reported under the 2011 Policy, there is no coverage for the ICR Litigation under the 2011 Policy.

### IX.  COUNT III
(**Declaratory Judgment – Both Policies – Exclusion IV. D.**)

34.     The allegations set forth in paragraphs 1 through 33 above are re-alleged and incorporated as if set forth fully herein.

35.     Exclusion IV. D. of the Policies bars coverage for any Claim involving bodily injury, assault, battery, or damage to or destruction of any tangible property:

> This Policy does not apply to any **Claim** made against any **Insured** … based upon, arising out of, relating to, directly or indirectly resulting from or in consequence of, or in any way involving: (1) bodily injury, sickness, disease or death of any person, assault or battery; (2) damage to or destruction of any tangible property or the loss of use of any tangible property ….

36.     The ICR Litigation is a Claim based upon, arising out of, relating to, directly or indirectly resulting from or in consequence of, or in any way involving bodily injury, assault or battery, damage to or destruction of any tangible property or the loss of use of any tangible property. Accordingly, Exclusion IV. D. bars coverage for the ICR Litigation under both of the Policies.

**COMPLAINT FOR DECLARATORY JUDGMENT** - 8

4025131.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600


## X. COUNT IV
### (Declaratory Judgment – Both Policies – Definition Of "Loss")

37. The allegations set forth in paragraphs 1 through 36 above are re-alleged and incorporated as if set forth fully herein.

38. Pursuant to the Policies' Insuring Agreements, coverage is only available for **Loss** and **Costs of Defense** resulting from a **Claim**.

39. "**Loss**" is defined under Section III. Definition I. as:

> settlements, judgments, pre-judgment and post-judgment interest, front and back pay, compensatory damages, punitive or exemplary damages, the multiple portion of any multiplied damage award, and subject to the provisions of Section V and VI, **Costs of Defense** incurred by the **Insured**. **Loss** shall not include:
>
> (1) criminal or civil fines or penalties imposed by law, or taxes (except for the 10% "excess benefit" tax assessed by the Internal Revenue Service against any **Insured Person** pursuant to 26 USC Section 4958 (a)(2));
>
> (2) the value of tuition or scholarships, employment related benefits, stock options, perquisites, deferred compensation or any other type of compensation earned in the course of employment or the equivalent value thereof; and
>
> (3) any amounts which may be deemed uninsurable under the law pursuant to which this Policy shall be construed.
>
> It is understood and agreed that the enforceability of the foregoing coverage shall be governed by such applicable law which most favors coverage for compensatory, punitive, or exemplary damages or the multiple portion of any multiplied damage award.

40. Therefore, coverage is not available under either of the Policies for the ICR Litigation to the extent the plaintiffs seek criminal or civil fines, penalties imposed by law, or any amounts deemed uninsurable under the law pursuant to which the Policies are construed.

**COMPLAINT FOR DECLARATORY JUDGMENT** - 9

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

4025131.1

## XI.  COUNT V
### (Declaratory Judgment – Both Policies – Definition of "Wrongful Act")

41. The allegations set forth in paragraphs 1 through 40 above are re-alleged and incorporated as if set forth fully herein.

42. Pursuant to the Policies' Insuring Agreements, coverage is only available for a Claim first made against any **Insured** for a **Wrongful Act**.

43. Under Section III. Definition R. of the Policies, "**Wrongful Act**" means:

   (1) any of the following by the **Organization**, and/or any **Subsidiary**, and/or any **Insured Persons** acting in their capacity with the **Organization** or a **Subsidiary**:

   (a) actual or alleged error, misstatement, misleading statement, act or omission, neglect or breach of duty;

   * * *

   (2) **any** matter claimed against any **Insured Person** solely by reason of their status with the **Organization** or any **Subsidiary**; or

   * * *

44. Therefore, coverage is not available under either of the Policies for the ICR Litigation to the extent that the plaintiffs do not allege a Wrongful Act.

## XII.  COUNT VI
### (Declaratory Judgment – Both Policies – Exclusion IV.A.)

45. The allegations set forth in paragraphs 1 through 44 above are re-alleged and incorporated as if set forth fully herein.

46. Exclusion IV.A. of the Policies provides that the Policies shall not apply to any **Claim** made against any **Insured**:

> brought about or contributed to by … (2) the deliberate fraudulent or criminal acts of any **Insured**; however, this exclusion shall not apply unless it is finally adjudicated such conduct in fact occurred, nor shall it apply to coverage provided under Insuring Agreement I.B.

**COMPLAINT FOR DECLARATORY JUDGMENT** - 10

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

4025131.1

47. Pursuant to Exclusion IV.A., there is no coverage for the ICR Litigation under either of the Policies to the extent it is brought about or contributed to by the criminal acts of any **Insured**.

### XIII.  COUNT VII
### (Declaratory Judgment – Both Policies – Exclusion IV.B.)

48. The allegations set forth in paragraphs 1 through 47 above are re-alleged and incorporated as if set forth fully herein.

49. Exclusion IV.B. of the Policies provides that the Policies shall not apply to any **Claim** made against any **Insured**:

> to the extent it is insured in whole or in part by any other valid and collectible policy or policies (except with respect to any excess beyond the amount or amounts of coverage under such other policy or policies), whether such other policy or policies are stated to be primary, contributory, excess, contingent, or otherwise . . .

50. Pursuant to Exclusion IV.B., to the extent that coverage is available for the ICR Litigation under either of the Policies, which Great American denies, such coverage shall not apply to the extent that other valid insurance is available to the **Insureds**.

### XIV.  COUNT VIII
### (Declaratory Judgment – Both Policies – Exclusion IV.J.)

51. The allegations set forth in paragraphs 1 through 50 above are re-alleged and incorporated as if set forth fully herein.

52. Exclusion IV.J. of the Policies provides that the Policies shall not apply to any **Claim** made against any **Insured**:

> other than **Costs of Defense**:
>
> (1) for any obligation of the **Organization** or any **Subsidiary**, as a result of a **Claim**, seeking relief or redress in any form other than money damages, including but not limited to any obligations of the **Organization** or any **Subsidiary** to modify any building or property; or

\* \* \*

**COMPLAINT FOR DECLARATORY JUDGMENT** - 11

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

4025131.1

53. Pursuant to Exclusion IV.J., coverage is not available under either of the Policies for the ICR Litigation to the extent that the plaintiffs seek relief or redress in any form other than money damages.

## XV.  COUNT IX
### (Declaratory Judgment – Both Policies – Public Policy)

54. The allegations set forth in paragraphs 1 through 53 above are re-alleged and incorporated as if set forth fully herein.

55. Coverage is not available to the defendants for the ICR Litigation to the extent prohibited by public policy.

## XVI.  PRAYER FOR RELIEF

Great American respectfully requests that this Court adjudicate and declare the rights of the parties, and that the Court:

(1) Find that Great American has no duty to defend or indemnify the defendants for the ICR Litigation; and

(2) Grant other such relief as the Court may deem just and proper.

## XVII.  JURY DEMAND

Great American demands a jury trial.

DATED this 12th day of June, 2013.

        s/Dana A. Ferestien
        Dana A. Ferestien, WSBA #26460
        Attorneys for Plaintiff
        Great American Insurance Company
        Williams, Kastner & Gibbs PLLC
        601 Union Street, Suite 4100
        Seattle, WA  98101-2380
        Phone:   (206) 628-6600
        Fax:        (206) 628-6611
        Email:    dferestien@williamskastner.com

**COMPLAINT FOR DECLARATORY JUDGMENT** - 12

4025131.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600